UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>TOREY RICHARDSON,<br><br>　　　　　　　　Defendant. | CASE NO. 2:25-cr-00059-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE |

This matter comes before the Court on Defendant Torey Richardson's unopposed motion to continue the trial date from June 16, 2025, to March 2, 2026, and to extend the pretrial motions deadline to a date consistent with the new trial date. Dkt. No. 22 at 1–2.[1] The Government does not oppose Mr. Richardson's motion, *id.* at 1, and the Court grants it for the reasons explained below.

---

[1] Pretrial motions were due by May 8, 2025, Dkt. No. 21, but Mr. Richardson did not file this motion until May 9, 2025, Dkt. No. 22. Although the Court finds good cause to extend the pretrial motions deadlines as requested, it cautions counsel that pursuant to Section I.C. of this Court's Standing Order for All Criminal Cases, motions to continue the trial date and pretrial motions deadline must be made prior to the pretrial motions deadline. Dkt. No. 20 at 2. The Court expects strict compliance with its Standing Order and the applicable laws and rules moving forward, and reminds the parties that "a failure to timely raise a pretrial objection required by Rule 12, absent a showing of good cause, constitutes a waiver[.]" *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021) (cleaned up).

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE - 1

1  On April 10, 2025, Mr. Richardson was charged with Unlawful Possession of a Firearm in
2  violation of 18 U.S.C. § 922(g)(1). Dkt. No. 15 at 1–2. He pleaded not guilty at his arraignment
3  on April 17, and trial was set for June 16, 2025. Dkt. No. 21. Mr. Richardson seeks a continuance
4  of trial to March 2, 2026 to allow his counsel additional time to review recently obtained discovery,
5  as well as to "investigate the allegations, address legal issues, research pretrial motions, obtain
6  records, continue plea negotiations with the government, and explain potential plea, trial, or
7  sentencing consequences with Mr. Richardson." Dkt. No. 22 at 1. Mr. Richardson has waived his
8  rights to a speedy trial through March 16, 2026. Dkt. No. 23.

9  The Court agrees that more time is necessary for effective preparation and representation
10 of Mr. Richardson's interests and will grant his requested trial continuance and reset the pretrial
11 motions deadline. Specifically, the Court finds that given the nature and circumstances of this case,
12 and pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting a continuance
13 outweigh the best interests of the public and Mr. Richardson in any speedier trial. The Court finds
14 that failure to grant the requested continuance would likely result in a miscarriage of justice by
15 denying Mr. Richardson's counsel the reasonable time necessary to effectively prepare for trial, to
16 investigate the matter, to gather evidence material to the defense, and to pursue possible defenses
17 and mitigation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv).
18 The Court finds that the additional time granted herein is a reasonable period of delay and will be
19 necessary to provide counsel reasonable time to accomplish the above tasks.

20 For these reasons, the Court GRANTS the motion, Dkt. No. 22, and ORDERS that Mr.
21 Richardson's trial shall be continued to March 2, 2026. It is further ORDERED that, pursuant to
22 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial

date is EXCLUDED when computing the time within which his trial must commence under the Speedy Trial Act. Pretrial motions are due no later than January 20, 2026.

Dated this 12th day of May, 2025.

*Lauren King*

Lauren King
United States District Judge