UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TOREY RICHARDSON,<br><br>Defendant. | CASE NO. 2:25-cr-00059-LK<br><br>ORDER DENYING MOTION TO COMPEL TREATMENT AND GRANTING MOTIONS TO SEAL |

This matter comes before the Court on Defendant Torey Richardson's Motion to Compel Treatment. Dkt. No. 26. Mr. Richardson seeks an order requiring the Federal Detention Center ("FDC") where he is currently detained to treat his dental and other medical conditions. *Id.* at 1–2. The Government opposes the motion. Dkt. No. 30. For the reasons set forth below, the Court denies the motion and grants the parties' motions to seal documents related to this motion.

I.  **BACKGROUND**

On April 10, 2025, Mr. Richardson was charged with Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 15 at 1–2. He pleaded not guilty at his arraignment on April 17. Dkt. No. 21. Trial is currently set for March 2, 2026. Dkt. No. 24.

ORDER DENYING MOTION TO COMPEL TREATMENT AND GRANTING MOTIONS TO SEAL - 1

Mr. Richardson has been detained at the FDC since March 27, 2025. Dkt. No. 26 at 1. A dental examination on April 9 "revealed eight missing teeth and five rotten teeth," but even though "[t]he dentist authorized cleaning, radiographs, and a prophylaxis," he has not received any follow up care. *Id.* at 2. His dental pain has now "become acute[.]" *Id.* Additionally, he "has requested to be tested for the HSV-2 herpes virus, which causes painful flareups of genital sores," but has not yet been authorized for treatment. *Id.* Finally, Mr. Richardson has also developed a rash over his torso. *Id.* These untreated conditions have made it difficult for him to eat and sleep. *Id.*

Because the FDC has so far "ignored the requests for testing and treatment submitted by both Mr. Richardson and counsel," Mr. Richardson filed this motion to compel treatment. Dkt. No. 26 at 2. In its opposition, the Government argues that the Court "has no power to entertain Richardson's motion at this time" because he "failed to pursue his administrative remedies prior to filing this motion." Dkt. No. 30 at 1. It also argues that "the treatments Richardson is seeking are either not currently available to him or are in the process of being addressed by the Health Services Department at Federal Detention Center-Sea Tac." *Id.* Both Mr. Richardson and the Government have filed motions to seal medical records filed in connection with this motion. Dkt. Nos. 25, 31.

## II.   DISCUSSION

**A.   The Court May Entertain Only Part of Mr. Richardson's Motion**

The Court first addresses whether Mr. Richardson may raise his claim regarding the adequacy of his medical treatment in this criminal case, or whether he must instead raise it in a civil lawsuit. Generally, federal inmates and pretrial detainees may only challenge the conditions of their confinement pursuant to an action brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971), which must be filed as a separate civil action and cannot be entertained in the inmate's criminal case. *See Greenhill v. Lappin*, 376 F. App'x 757

(9th Cir. 2010) ("The appropriate remedy for Greenhill's claim, which relates to the conditions of his confinement, lies in a civil rights action under *Bivens*"); *Solano-Moreta v. Fed. Bureau of Prisons*, No. 17-1019, 2018 WL 6982510, at *1 (6th Cir. Sept. 24, 2018); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *United States v. Luong*, No. CR 99-433 WBS-GGH, 2009 WL 2852111, at *1-2 (E.D. Cal. Sept. 2, 2009); *United States v. Hollis*, No. CR-F-08-276 OWW, 2009 WL 902062, at *1 (E.D. Cal. April 1, 2009).[1] Thus, several courts have determined that a defendant cannot challenge his conditions of confinement through a motion filed in his criminal case. *See, e.g., United States v. Carmichael*, 343 F.3d 756, 760–61 (5th Cir. 2003); *United States v. McConneyhead*, 2 F. App'x 330, 331 (4th Cir. 2001); *United States v. Darcy*, No. 1:17-CR-00036-MR-WCM, 2020 WL 2573251, at *4 (W.D.N.C. May 21, 2020).

However, an exception to this rule arises when a defendant's conditions of confinement violate his Sixth Amendment right to counsel. *See Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (if a defendant's Sixth Amendment right to counsel "is being infringed, [the district judge] has the statutory authority to protect [the defendant's] access to counsel"); *United States v. Loera*, No. CR 13-1876 JB, 2017 WL 3098257, at *27-28 (D.N.M. June 22, 2017); *United States v. Wade*, No. 3:07-cr-00111-RRB-JDR, 2009 WL 3837151, at *1 (D. Alaska Nov. 13, 2009). Indeed, through this Court's detention order and pursuant to 18 U.S.C. § 3142(i)(3)—which is designed to protect a defendant's Sixth Amendment right to counsel—Mr. Richardson must be afforded a "reasonable opportunity for private consultation with counsel" while being detained pending trial. Dkt. No. 14 at 2; *see also Falcon*, 52 F.3d at 139. Importantly, though, "to prevent circumvention of the obligation to exhaust administrative remedies before seeking judicial relief, and to ensure that the persons responsible for the custody and care of the defendant are properly

---

[1] A federal prisoner seeking injunctive relief cannot bring a *Bivens* action until he has first exhausted any available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

ORDER DENYING MOTION TO COMPEL TREATMENT AND GRANTING MOTIONS TO SEAL - 3

1  notified and brought before the court, any complaints about the conditions of confinement that do
2  not concern a defendant's access to counsel or the ability to prepare a defense" are not properly
3  before the Court. *United States v. Carlos Martin*, No. 2:18-CR-158-FtM-66NPM, 2020 WL
4  4504949, at *1 (M.D. Fla. Aug. 5, 2020); *see also United States v. Kahn*, No. 17-CR-0029-ABJ,
5  2019 WL 3977353, at *2 (D. Wyo. Mar. 29, 2019) ("[B]eyond ensuring a detained defendant's
6  reasonable access to counsel and ability to prepare their defense, the Court's authority to redress
7  conditions-of-confinement issues is severely limited within a criminal case."); *United States v.*
8  *Andrews*, No. 1:12-CR-100, 2014 WL 1379683, at *3 (N.D. W. Va. Apr. 8, 2014).

9       Mr. Richardson seeks an order compelling the Government to provide him with the
10 requested treatments, arguing that the failure to do so (1) amounts to unlawful punishment under
11 the Fourteenth Amendment and (2) prevents him from effectively conferring with counsel. Dkt.
12 No. 26 at 2–3. The Court's limited jurisdiction to entertain Mr. Richardson's conditions-of-
13 confinement motion extends only to his second argument regarding interference with his right to
14 counsel. Accordingly, the Court now determines whether it must compel treatment to protect Mr.
15 Richardson's right to counsel. *See United States v. Simonson*, No. 3:21-CR-50064-1, 2022 WL
16 6750331, at *1 (N.D. Ill. Oct. 11, 2022).

17 **B.     Mr. Richardson Has Not Shown That His Untreated Medical Conditions Interfere with His Right to Counsel**

18      Mr. Richardson argues that his pain leaves him unable to communicate effectively with
19 counsel. Dkt. No. 26 at 3. Although it is true that "restrictions on a defendant's ability to consult
20 with his attorney can constitute a denial of the Sixth Amendment right to assistance of counsel,"
21 *Sublett v. Holbrook*, 773 F. App'x 414, 415 (9th Cir. 2019), as can a constructive denial of the right
22 to counsel, *United States v. Velazquez*, 855 F.3d 1021, 1034 (9th Cir. 2017), Mr. Richardson has
23 not met his burden of proof on this claim. Mr. Richardson has submitted his medical records, which
24

corroborate his dental issues, Dkt. No. 27 at 35, 41, and a declaration from his counsel averring that "[i]t has been apparent during our legal meetings that Mr. Richardson is in pain and not sleeping well," Dkt. No. 26-4 at 2, and that he has seen the rash that Mr. Richardson has developed, *id.* at 3. But that is not enough to raise Sixth Amendment concerns in this context. *See, e.g.*, *United States v. Abrams*, No. 1:21-cr-00069-ADA-BAM-1, 2023 WL 2655850, at *2 (E.D. Cal. Mar. 27, 2023) (rejecting defendant's claim where "he provide[d] no developed explanation as to how his consultation with counsel, exercise of rights, or defense of this case have been impeded by his failure to receive surgery"). All Mr. Richardson has established so far is that he is not sleeping or eating well due to his pain from the lack of medical treatment. He has not explained how this interferes with his right to communicate with counsel. Other courts have rejected similar arguments. *See, e.g.*, *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2021 WL 4777113, at *1, *8 (E.D. Cal. Oct. 13, 2021) (defendant's allegation that he was not receiving reasonably adequate medical care and that he was housed with mentally ill inmates who kept him awake by banging and screaming throughout the night was not sufficiently related to the right to counsel or exercise of trial rights); *United States v. Daniel*, No. 2:19-CR-00107-KJM, 2022 WL 17830232, at *2 (E.D. Cal. Dec. 21, 2022) (reports of blurred vision and sleeplessness "does not demonstrate that his medical condition prevents or significantly interferes with his ability to assist with his defense"), *report and recommendation adopted*, 2023 WL 2588007 (E.D. Cal. Mar. 21, 2023).

In sum, Mr. Richardson has presented no evidence "to show that he is, in fact, unable to effectively assist counsel due to the conditions of his confinement." *Wade*, 2009 WL 3837151, at * 1. Accordingly, he has not met his burden of proof, and the Court denies the motion to compel treatment.

**C.    The Court Grants the Motions to Seal**

Both Mr. Richardson and the Government have moved to seal his medical records filed in

connection with this motion. Dkt. Nos. 25, 31.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Despite the public's presumptive right of access to documents in criminal proceedings, a document may remain under seal "when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The Court has reviewed the documents at issue, which contain Mr. Richardson's sensitive medical information. Dkt. No. 27, 32. The Court finds that sealing the documents would serve a compelling interest in protecting Mr. Richardson's medical privacy. *See, e.g.*, *Karpenski v. Am. Gen. Life Cos., LLC*, No. 2:12-cv-01569-RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (need to protect medical privacy qualifies as a "compelling reason" for sealing records); *Parson*, 2022 WL 558221, at *2–3 (same). There are no less restrictive means of protecting Mr. Richardson's privacy. Accordingly, the Court grants the motions to seal.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Richardson's Motion to Compel Treatment, Dkt. No. 26, and GRANTS the motions to seal, Dkt. Nos. 25, 31. The documents at docket entries 27 and 32 can remain under seal.

Dated this 10th day of June, 2025.

Lauren King
United States District Judge