UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>TOREY RICHARDSON,<br><br>　　　　　　　Defendant. | CASE NO. 2:25-cr-00059-LK<br><br>ORDER GRANTING IN PART AND DEFERRING IN PART UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE; ORDERING PARTIES TO SHOW CAUSE |

This matter comes before the Court on Defendant Torey Richardson's unopposed motion to continue the trial date from March 2, 2026 to June 9, 2026, and to extend the pretrial motions deadline to a date consistent with the new trial date. Dkt. No. 38; Dkt. No. 40–1. The Government does not oppose the motion. Dkt. No. 40-1 at 1.

On April 10, 2025, Mr. Richardson was charged with Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 15 at 1–2. He pleaded not guilty at his arraignment on April 17, and trial was set for June 16, 2025, with pretrial motions due May 8, 2025. Dkt. No. 21. On May 9, 2025, Mr. Richardson sought a continuance of trial to March 2, 2026, "with a

pretrial motions deadline consistent with the new trial date." Dkt. No. 22 at 1. The Court granted both requests, noting, however:

> Pretrial motions were due by May 8, 2025, Dkt. No. 21, but Mr. Richardson did not file this motion until May 9, 2025, Dkt. No. 22. Although the Court finds good cause to extend the pretrial motions deadlines as requested, it cautions counsel that pursuant to Section I.C. of this Court's Standing Order for All Criminal Cases, motions to continue the trial date and pretrial motions deadline must be made prior to the pretrial motions deadline. Dkt. No. 20 at 2. The Court expects strict compliance with its Standing Order and the applicable laws and rules moving forward, and reminds the parties that "a failure to timely raise a pretrial objection required by Rule 12, absent a showing of good cause, constitutes a waiver[.]" *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021) (cleaned up).

Dkt. No. 24 at 1 n.1. The pretrial motions deadline was extended to January 20, 2026. *Id.* at 3.

On January 21, 2026, Mr. Richardson filed the present motion, seeking a second continuance of trial "with a pretrial motions deadline consistent with the new trial date." Dkt. No. 38 at 1. On January 22, 2026, Mr. Richardson filed a praecipe to "specify the proposed date to which trial would be continued." Dkt. No. 40 at 1. Mr. Richardson's request is for "a continuance of the trial from March 2, 2026, to June 9, 2026, with a pretrial motions deadline consistent with the new trial date." Dkt. No. 40-1 at 1. He has waived his speedy trial rights through June 23, 2026. Dkt. No. 41.

Mr. Richardson notes that in the spring of 2025, there were "serious[] concerns" with his "mental health," resulting in his attorney "hir[ing] a forensic expert to evaluate him." Dkt. No. 40-1 at 1–2. While a contract with the forensic expert "was signed in May 2025[,] . . . due to a series of delays, including delays in the expert's personal life, the expert was unable to complete her report until last week." *Id.* at 2. Mr. Richardson seeks additional time for his counsel to review the "newly obtained" forensic expert report and to "continue plea negotiations with the government that could not take place previously." *Id.*

ORDER GRANTING IN PART AND DEFERRING IN PART UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE; ORDERING PARTIES TO SHOW CAUSE - 2

The Court agrees that more time is necessary for effective preparation and representation of Mr. Richardson's interests. Specifically, the Court finds that given the nature and circumstances of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting a continuance outweigh the best interests of the public and Mr. Richardson in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying Mr. Richardson's counsel the reasonable time necessary for effective preparation due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, including review of the newly obtained forensic expert report, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks. For these reasons, the Court GRANTS IN PART the motion, Dkt. No. 38 (as corrected in Dkt. No. 40-1), and ORDERS that Mr. Richardson's trial shall be continued to June 9, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which his trial must commence under the Speedy Trial Act.

The Court, however, DEFERS ruling on Mr. Richardson's request to continue the pretrial motions deadline because that deadline expired on January 20, 2026, Dkt. No. 24 at 3, the day before Mr. Richardson filed this motion, Dkt. No. 38. The Court previously cautioned Mr. Richardson that it expects strict compliance with its Standing Order and the applicable laws and rules, and that absent good cause, a party who fails to meet the pretrial motions deadline waives pretrial objections. Dkt. No. 24 at 1 n.1 (citing *Ghanem*, 993 F.3d at 1120). Mr. Richardson provides no explanation—let alone good cause—for his failure to file the instant motion on or before the January 20, 2026 deadline. *See generally* Dkt. Nos. 38, 40-1. The Court therefore

ORDERS Mr. Richardson to show cause by February 2, 2026 why this failure should not constitute a waiver of his Federal Rule of Criminal Procedure 12(b)(3) defenses, objections, and requests. To the extent the Government intends to file pretrial motions, it too must show cause by February 2, 2026 why its failure to timely move for an extension of the pretrial motions deadline should not constitute a waiver of its Rule 12(b)(3) objections and requests.

Dated this 23rd day of January, 2026.

Lauren King
United States District Judge

ORDER GRANTING IN PART AND DEFERRING IN PART UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE; ORDERING PARTIES TO SHOW CAUSE - 4