UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>TOREY RICHARDSON,<br><br>                    Defendant. | CASE NO. 2:25-cr-00059-LK<br><br>ORDER DISCHARGING SHOW CAUSE ORDER AND CONTINUING DEFENDANT'S PRETRIAL MOTIONS DEADLINE |

This matter comes before the Court on its show cause order, Dkt. No. 42, and Mr. Richardson's response to the show cause order, Dkt. No. 43.

On January 21, 2026, Mr. Richardson filed a motion seeking a second continuance of trial "with a pretrial motions deadline consistent with the new trial date." Dkt. No. 38 at 1. On January 22, 2026, Mr. Richardson filed a praecipe to "specify the proposed date to which trial would be continued"—June 9, 2026. Dkt. No. 40 at 1. On January 23, 2026, the Court granted the requested trial continuance but deferred ruling on Mr. Richardson's request to continue the pretrial motions deadline "because that deadline expired on January 20, 2026, Dkt. No. 24 at 3, the day before Mr. Richardson filed [the] motion, Dkt. No. 38." Dkt. No. 42 at 3. The Court noted that it had

ORDER DISCHARGING SHOW CAUSE ORDER AND CONTINUING DEFENDANT'S PRETRIAL MOTIONS DEADLINE - 1

"previously cautioned Mr. Richardson that it expects strict compliance with its Standing Order and the applicable laws and rules, and that absent good cause, a party who fails to meet the pretrial motions deadline waives pretrial objections. Dkt. No. 24 at 1 n.1 (citing *Ghanem*, 993 F.3d at 1120)," and therefore ordered Mr. Richardson "to show cause by February 2, 2026 why this failure should not constitute a waiver of his Federal Rule of Criminal Procedure 12(b)(3) defenses, objections, and requests." *Id.* at 3–4. Additionally, the Court ordered that "[t]o the extent the Government intends to file pretrial motions, it too must show cause by February 2, 2026 why its failure to timely move for an extension of the pretrial motions deadline should not constitute a waiver of its Rule 12(b)(3) objections and requests." *Id.* at 4.

On February 2, 2026, Mr. Richardson filed a response—including a declaration from his attorney—providing good cause for why the belated motion should not constitute waiver. Dkt. Nos. 43, 43-1. The Government did not respond to the Court's order.

"At any time before trial, the court may extend or reset the deadline for pretrial motions." Fed. R. Crim. P. 12(c)(2). The court's discretion to do so is broad. *See* Fed. R. Crim. P. 12 advisory committee's note to 2014 amendment; *Morris v. Slappy*, 461 U.S. 1, 11 (1983) (opining that district courts have "broad discretion . . . on matters of continuances"). Because he has demonstrated good cause, the Court discharges its show cause order as to Mr. Richardson, and his pretrial motions deadline is extended to April 28, 2026. The Court does not extend the Government's pretrial motions deadline because it did not respond to the Court's order. If expert testimony is anticipated, the parties must propose a date prior to trial (either at or before the pretrial conference) for a Daubert hearing.

Dated this 4th day of February, 2026.

Lauren King
United States District Judge

ORDER DISCHARGING SHOW CAUSE ORDER AND CONTINUING DEFENDANT'S PRETRIAL MOTIONS DEADLINE - 2